IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LINDON ALLEN, | ) |
| | ) |
| Plaintiff, | ) Case No.:22-2271 |
| | ) |
| CHRISTOPHER KRETZER, | ) |
| and | ) |
| MARTEN TRANSPORT, LTD, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Christopher Kretzer jack-knifed his Marten Transport, LTD tractor trailer across a dark country highway to tragic consequences. Paul Workman died. Lindon Allen was life-flighted to another state. Allen now seeks to recover damages caused by Kretzer and Marten Transport's conduct. He alleges the following:

## PARTIES

1. Plaintiff Lindon Allen is an individual, over the age of eighteen, who is domiciled in Kansas.

2. Defendant Christopher Kretzer is an individual, over the age of eighteen, who may be served at his residence at 109 N 8th St., Unit C, Savannah, Missouri 64485. Kretzer is domiciled in Missouri.

3. Defendant Marten Transport, LTD is a for-profit corporation incorporated in the State of Delaware with its principal place of business located in Wisconsin at 129 Marten St.,

Mondovi, WI 54755. Marten Transport's agent for service of process in Kansas is The Corporation Company, Inc., who may be served at 112 SW 7th Street, Suite 3C, Topeka, KS 66603.

## JURISDICTION & VENUE

4. This Court has diversity jurisdiction under 28 USC § 1332 because this case involves citizens of different states and more than $75,000.00 exclusive of interest and costs.

5. This Court has personal jurisdiction over Kretzer because he conducts substantial business in the State of Kansas, and because he committed tortious acts in the State of Kansas.

6. This Court has personal jurisdiction over Marten Transport because it conducts substantial business in the State of Kansas, because it directed or controlled Kretzer's conduct at the time of the subject crash, and because its agent or employee committed tortious acts in the State of Kansas.

## THE CRASH

7. Allen incorporates all previous paragraphs into this section.

8. On July 14, 2020, at approximately 9:25 p.m., Paul Workman was driving a 2017 Ford van southbound on US-75. Allen was his passenger traveling to work.

9. Around this same time, Kretzer was operating a 2018 Kenworth tractor attached to a standard box trailer ("the tractor-trailer") and was driving northbound on US-75.

10. Around this same time, Kretzer stopped the tractor-trailer on US-75, and attempted to back the trailer portion of the tractor-trailer onto county road 2600, which is perpendicular to US-75.

11. As a result of Kretzer's backing, the tractor portion of the tractor-trailer remained facing northbound on US-75, while the trailer portion of the tractor-trailer was perpendicular to

2

US-75 and positioned across the southbound lane of US-75 and the southbound shoulder.

12. At or around 9:30 p.m., Paul Workman approached the area where the tractor-trailer blocked the traffic lanes and southbound shoulder of US-75.

13. As Workman neared the tractor-trailer, he braked and attempted to swerve to the right to avoid a collision with the tractor-trailer, but he could not avoid striking the trailer portion of the tractor-trailer.

14. As a result of the subject collision, Workman suffered fatal injuries.

15. Allen watched Workman die.

16. Allen suffered severe injuries and was life-flighted to Tulsa.

## KRETZER'S NEGLIGENCE

17. Allen incorporates all previous paragraphs into this section.

18. At all relevant times, Kretzer had a duty to exercise reasonable care in the operation of the tractor-trailer.

19. At all relevant times, Kretzer had a duty to operate the tractor-trailer in a careful, prudent, and lawful manner.

20. At the time of the subject collision and in the time leading up to the subject collision, Kretzer breached his duty to exercise reasonable care in the operation of the tractor-trailer, as well as his duty to operate the tractor-trailer in a careful, prudent and lawful manner in these respects:

    a. In failing to keep a careful lookout;

    b. In failing to exercise due care to avoid colliding with other vehicles;

    c. In stopping the tractor-trailer on the highway and shoulder for a non-emergency purpose;

    d.   In blocking the travel lanes of the highway;

    e.   In failing to maintain the tractor-trailer in his lane of traffic;

    f.   In operating the tractor-trailer in a careless and imprudent manner;

    g.   In failing to use reasonable care in the operation of the tractor-trailer;

    h.   In backing his tractor-trailer while on the highway; and

    i.   In driving while distracted, texting or using a mobile phone while operating a commercial motor vehicle.

21. Kretzer's actions and omissions as set forth above were negligent and directly caused or directly contributed to cause the subject collision, and the injuries and damages to Allen.

## MARTEN TRANSPORT'S NEGLIGENCE

22. Allen incorporates all previous paragraphs into this section.

23. At all relevant times, Marten Transport owned the tractor-trailer.

24. At all relevant times, Marten Transport controlled the use of the tractor-trailer.

25. At all relevant times, Kretzer was acting as an agent, servant, or employee of Marten Transport, and was acting in the ordinary course of employment for Marten Transport.

26. At all relevant times, Marten Transport was a "motor carrier" and "employer" of drivers of "commercial motor vehicles" as defined in Section 390.5 of the Federal Motor Carrier Safety Regulations and was subject to the rules and regulations within Subtitle B, Chapter III, Subchapter B of Title 49 of the Federal Regulations.

27. Marten Transport's assigned USDOT number is 74432.

28. At all relevant times, the tractor-trailer was a "commercial motor vehicle" under 49 C.F.R. § 390.5 and was operated under the motor carrier authority of Marten Transport.

29. At all relevant times, Kretzer operated the tractor-trailer with the knowledge, consent, and permission of Marten Transport.

30. Marten Transport is vicariously liable for Kretzer's negligence.

31. Independent of its vicarious liability, Marten Transport had a duty to exercise reasonable care in hiring, retaining, training, and supervising its drivers and other employees, including Kretzer.

32. Independent of its vicarious liability, Marten Transport had a duty to exercise reasonable care in entrusting its vehicles and equipment — and all vehicles and equipment under its control — to responsible, competent, and qualified drivers.

33. Marten Transport failed to exercise reasonable care in hiring, retaining, training, and supervising its drivers and other employees, and in entrusting its vehicles and equipment to responsible, competent, and qualified drivers.

34. Marten Transport failed to exercise reasonable care in meeting its duties in at least these respects:

   a. In permitting Kretzer to operate a commercial motor vehicle when he was not qualified to do so;

   b. In failing to adequately train, instruct, supervise or monitor Kretzer concerning the safe operation of a tractor-trailer;

   c. In failing to adequately train, instruct, supervise or monitor Kretzer regarding keeping a proper lookout and avoiding distractions;

   d. In failing to adequately train, instruct, supervise or monitor Kretzer regarding the dangers inherent in stopping a tractor-trailer on a highway;

    e.    In failing to adequately train, instruct, supervise or monitor Kretzer regarding the dangers inherent in backing a tractor-trailer on or near a highway; and

    f.    In failing to adequately train, instruct, supervise or monitor Kretzer regarding the dangers inherent in attempting to turn around on the highway while operating a tractor-trailer.

35.    As a direct and proximate result of Defendants' negligence and carelessness, Allen suffered damages, including:

    a.    Pain and suffering;

    b.    Pre-collision fright and terror;

    c.    Medical damages;

    d.    Economic loss;

    e.    Emotional distress; and

    f.    Personal property damages.

36.    Allen requests judgment in excess of $75,000 against Defendants for actual damages that a jury determines to be fair and reasonable, costs, prejudgment interest, post-judgment interest, and for any other proper relief.

## PUNITIVE DAMAGES

37.    Allen incorporates all previous paragraphs into this section.

38.    At all relevant times, Defendants' owed Allen a duty to exercise reasonable care.

39.    And Defendants' failure to exercise reasonable care resulted in wanton conduct to Allen.

40.    Allen requests judgment in excess of $75,000 against Defendants for punitive damages that a jury determines to be fair and reasonable, costs, prejudgment interest, post-

judgment interest, and for any other proper relief.

## **JURY TRIAL DEMAND**

Pursuant to Fed. R. Civ. Pro. 38, Allen demands a jury trial on all issues.

## **DESIGNATION OF PLACE OF TRIAL**

Allen requests that Kansas City, Kansas, be designated as the place of trial in the above captioned matter.

Respectfully submitted,

SLOAN, EISENBARTH, GLASSMAN,
  MCENTIRE & JARBOE, L.L.C.
534 S. Kansas Ave., Suite 1000
Topeka, KS 66603-3456
Office:  (785) 357-6311
Fax:     (785) 357-0152


/s/ Alan V. Johnson
Alan V. Johnson, KS #09992

/s/ Aaron R. Bailey
Aaron R. Bailey, KS #25110

/s/ Rebecca M. Henderson
Rebecca M. Henderson, KS #28955

**ATTORNEYS FOR PLAINTIFF**